PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NEW DOE CHILD # 1, *et al.*, | ) | |
| | ) | CASE NO. 5:16CV59 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| CONGRESS OF THE UNITED STATES OF AMERICA, *et al.*, | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 9] |

Pending before the Court is Defendants' Motion to Dismiss Pursuant to 12(b)(6). ECF No. 9. Plaintiffs responded (ECF No. 36) and Defendants replied (ECF No. 37). For the following reasons, the Court dismisses Plaintiffs' claims.

### I. Background

Plaintiffs are atheists, their children, and religious persons. ECF No. 8 at PageID #: 227–52. Plaintiffs either do not believe in a God or find the use of God's name on currency to be sinful. *Id.* at PageID #: 254, ¶ 58. Given these beliefs, Plaintiffs allege that the use of the United States' motto "In God We Trust" on currency violates the Free Exercise and Free Speech Clauses of the First Amendment; the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb-2000b-4 ("RFRA"); and the right to equal protection under the Fifth Amendment's Due Process Clause. ECF No. 8 at PageID #: 316–18. Plaintiffs ask the Court to declare that the inscription

(5:16CV59)

violates RFRA and the First and Fifth Amendments and to permanently enjoin Defendants from printing money with the United States' motto.[1]

## II.  Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570.  A claim has facial plausibility when there is enough factual content present to allow "the court to draw the

---

[1] Although not binding on the Court, other federal courts have granted motions to dismiss similar claims.  *E.g.*, *Newdow v. United States*, No. 13CV741, 2013 WL 4804165 (S.D.N.Y. Sept. 9, 2013) (granting Defendants' Motion to Dismiss RFRA, Free Exercise, and Establishment Clause claims), *aff'd sub nom. Newdow v. Peterson*, 753 F.3d 105 (2d Cir. 2014), *cert denied*, 135 S. Ct. 1008 (2015); *Newdow v. Congress*, 435 F.Supp. 2d 1066 (E.D. Cal. 2006) (granting Defendants' Motion to Dismiss Plaintiffs' RFRA, Equal Protection, Free Speech, and Establishment Clause claims), *aff'd sub nom. Newdow v. Lefevre*, 598 F.3d 638 (9th Cir. 2010) (RFRA and Establishment Clause); *O'Hair v. Blumenthal*, 462 F. Supp. 19 (W.D. Tex. 1978) (Free Exercise and Establishment clauses), *aff'd sub nom. O'Hair v. Murray*, 588 F.2d 1144 (5th Cir. 1979).

(5:16CV59)

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted.  *Twombly*, U.S. 550 at 564.

### III.  Discussion

#### A.  Free Exercise Clause and RFRA

Plaintiffs argue that by including a religious message on legal tender, they are forced to "(i) employ a relatively burdensome alternative method for engaging in everyday commerce, or (ii) bear a religious message they believe to be untrue and completely contrary to their sincerely held religious beliefs (or, in the case of Plaintiff Clayman, sin)."  ECF No. 8 at PageID #: 317, ¶ 449.  Plaintiffs contend that the inscription violates RFRA and their right to free exercise of their religious beliefs under the First Amendment.  *Id.* at PageID #: 316–17.

The Free Exercise clause states: "Congress shall make no law . . . prohibiting the free exercise [of religion]."  U.S. Const. amend I.  "The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden."  *Wilson v. NLRB*, 920 F.2d 1282, 1290–91 (6th Cir. 1990) (citing *Hernandez v. C.I.R.*, 490 U.S. 680, 697 (1989)).  The Religious Freedom Restoration Act does not provide additional rights beyond the First Amendment, but instead codified the compelling interest test.  RFRA provides that the federal government "should not substantially burden religious exercise without compelling justification."  42 U.S.C. § 2000bb(a)(3).

3

(5:16CV59)

As a threshold matter, a plaintiff bringing a free exercise claim must show that the challenged law substantially burdens her right to free exercise. *Wilson*, 920 F.2d at 1289–90. The Supreme Court has made clear that meeting the "substantial burden" test is a high bar. *See Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 733–34 (6th Cir. 2007) (citing *Sherbert v. Verner*, 374 U.S. 398, 404 (1963) and *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 449 (1988)). For example, a substantial burden exists "[w]here the state conditions receipt of an important benefit upon conduct proscribed by a religious faith, or where it denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs[.]" *Thomas v. Review Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 717–18 (1981). Government action that "interfere[s] significantly with [people's] ability to pursue spiritual fulfillment according to their own religious beliefs[,]" but does not coerce individuals into abandoning their beliefs does not violate the First Amendment. *Lyng*, 485 U.S. at 449; *see, e.g.*, *Bowen v. Roy*, 476 U.S. 693, 703 (1986) (statutory requirement that food stamp applicants provide a Social Security number did was not coercive); *Braunfeld v. Brown*, 366 U.S. 599, 605–06 (1961) (state law prohibiting the sales of certain enumerated commodities on Sundays did not impose imposed a burden on free exercise by members of the Orthodox Jewish faith, despite making the practice of their religion more expensive).

Plaintiffs cannot demonstrate that the use of the motto on currency substantially burdens their religious exercise. Credit cards and checks allow Plaintiffs to conduct the bulk of their

4

(5:16CV59)

purchases with currency not inscribed with the motto. And for cash-only transactions, such as a garage sale or a coin-operated laundromat, the use of the motto on currency does not substantially burden Plaintiffs' free exercise. Plaintiffs argue that cash transactions force them to bear a message that they violates their religious beliefs. ECF No. 8 at PageID #: 227–52. But as the Supreme Court stated in *Wooley v. Maynard*, 430 U.S. 705 (1977), "[t]he bearer of currency is thus not required to publicly advertise the national motto." *Wooley*, 430 U.S. at 717 n. 15. Furthermore, Plaintiffs' other concerns, that they may be subject to peer pressure or ridicule, or that their children may question their beliefs, are unlike the choice between a "basic benefit and a core belief" described in the Supreme Court's case law. *See Newdow v. Peterson*, 743 F.3d 105, 109 (2d Cir. 2014).

Because Plaintiffs cannot meet the threshold showing that their exercise of religion is substantially burdened, the Court dismisses Plaintiffs' Free Exercise and RFRA claims.

**B. Free Speech**

Plaintiffs argue that the use of the motto on currency violates their right to free speech under the First Amendment. ECF No. 8 at PageID #: 227–53. By placing the motto on bills and coins, Plaintiffs argue that they are compelled to "proselytize that religious message." *Id.* at PageID #: 311, ¶ 403.

Generally, the government cannot "compel a person to affirm a belief he does not hold." *PruneYard Shopping Center v. Robins*, 447 U.S. 74, 97 (1980). Under the compelled speech doctrine, the Supreme Court has struck down mandatory fees used to fund advertisements,

5

(5:16CV59)

*United States v. United Foods, Inc.*, 533 U.S. 405 (2001) and upheld a persons' right to be free from having to salute the flag, *West Virginia State Board of Education v. Barnette*, 319 U.S. 624 (1943). As support for their argument, Plaintiffs cite another compelled speech case, *Wooley v. Maynard*, 430 U.S. 705 (1977). In *Wooley*, George Maynard challenged a New Hampshire statute making it a crime to obscure the words "Live Free or Die" on state license plates. *Id.* at 707–08. The Supreme Court held that a state could not constitutionally require an individual to "participate in the dissemination of an ideological message by displaying it on her private property, for the express purpose that it be observed and read by the public." *Id.* at 713.

Printing the motto on currency is distinguishable from forcing an individual to salute the flag or display a license plate. In *Barnette*, for example, plaintiffs were forced to actively participate in speech. *Barnette*, 319 U.S. at 630–31. An outside viewer might reasonably think that the student was saluting the flag as an expression of her loyalty, even if the student was opposed to the notion. Similarly, by forcing a person to adhere "Live Free or Die" to their personal automobile, a reasonable viewer could think that a driver supported this message. *Wooley*, 430 U.S. at 713.

The same cannot be said for currency. No reasonable viewer would think a person handling money does so to spread its religious message. A person does not own the bills and coins printed by the United States Treasury. The government does not require citizens to display money. Money does not exist "for the express purpose that it be observed and read by the public." In fact, the *Wooley* Court anticipated a challenge like the one at hand, noting:

(5:16CV59)

> [C]urrency, which is passed from hand to hand, differs in significant respects from an automobile, which is readily associated with its operator. Currency is generally carried in a purse or pocket and need not be displayed to the public. The bearer of currency is thus not required to publicly advertise the national motto.

Id. at 717, n. 15. For these reasons, the Court grants the Motion to Dismiss Plaintiffs' Free Speech claim.

### C. Equal Protection

Plaintiffs argue that Defendants have violated their right to equal protection under the Due Process Clause of the Fifth Amendment. ECF No. 8 at PageID #: 318. In support, Plaintiffs cite Obergefell v. Hodges, 135 S. Ct. 2584 (2015). Plaintiffs argue that if the Constitution grants "equal dignity in the eyes of the law" to a minority based on sexual orientation, it must also grant that same protection to a religious minority. ECF No. 8 at PageID #: 318, ¶ 461. Plaintiffs also argue that the use of the motto imposes a stigma upon the child plaintiffs of "knowing their families are somehow lesser." Id. at PageID #: 318, ¶ 462.

In order to prevail on an equal protection claim, a plaintiff must first demonstrate that she is being treated differently from similarly-situated individuals. "The threshold element of an equal protection claim is disparate treatment." Scarbrough v. Morgan Cty. Bd. of Educ., 470 F.3d 250, 260 (6th Cir. 2006). For example, the *Obergefell* plaintiffs challenged laws that defined marriage as a union between one man and one woman, therefore denying opposite-sex couples the right to marry. Obergefell, 135 S. Ct. at 593. These laws created two classes of

(5:16CV59)

citizens—those who could marry and those who could not— who were treated differently on the basis of sexual orientation. *Id.* at PageID #: 2601.

Plaintiffs have not made such a showing in this case. In contrast to *Obergefell*, Plaintiffs in this case are treated the same under the law. Plaintiffs challenge 31 U.S.C. § 5112(d)(1) and 31 U.S.C. § 5114(b), which describe the engraving and printing of currency. Unlike the laws challenged in *Obergefell*, these laws affect all citizens equally, regardless of their religious beliefs. Plaintiffs' argument that these laws support Christian and Monotheist beliefs while infringing on Atheist beliefs is better suited for an Establishment Clause argument. *But see* *ACLU of Ohio v. Capital Square Review and Advisory Bd.*, 243 F.3d 289 (6th Cir. 2001) (holding that Ohio's state motto, "With God, All Things are Possible" does not violate the Establishment Clause because it does not involve coercion or compel belief, and that the motto is the type of "ceremonial deism" that has long been held constitutional).

For these reasons, the Court grants the Motion to Dismiss Plaintiffs' equal protection claims.

### IV. Conclusion

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss.

IT IS SO ORDERED.

| | |
|---|---|
| November 30, 2016 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

8